UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IGOR MALANCHUK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD D. CAMPBELL et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-000332-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff Igor Malanchuk's Motion for a Temporary Restraining Order (Dkt. 19). He asks the Court to stay hearings scheduled before the Kootenai County District Court in cases CV28-24-3824 and CV28-24-5918 and enjoin the enforcement of monetary judgments issued in those cases. He argues, among other things, that the state court has denied him due process and equal protection. Because such interference with state court proceedings would violate principles of comity and federalism, the Court will deny the motion and dismiss this case.

A plaintiff seeking a temporary restraining order (TRO) must

MEMORANDUM DECISION & ORDER - 1

establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Additionally, the Court may issue a TRO without notice to the adverse party only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

    Mr. Malanchuk clearly falls short on the merits prong, so the TRO analysis will begin and end there. This Court has no authority to stay an action in the state court or enjoin its judgements, as such action would constitute an impermissible intrusion into state litigation. In *Younger v. Harris*, the Supreme Court recognized a "longstanding public policy against federal court interference with state court proceedings." 401 U.S. 37, 43 (1971). As a result, federal courts must generally abstain from

**MEMORANDUM DECISION & ORDER - 2**

cases that require intervention into pending state judicial proceedings, whether civil or criminal. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). Absent extraordinary circumstances, courts abstain under *Younger* when state proceedings "(1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995).

Each of the conditions exists here. First, the proceedings are ongoing—indeed, that is precisely why Mr. Malanchuk seeks a TRO. Second, Idaho has an important interest in the enforcement of its judgments and appellate procedures. *See Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004) (recognizing an important interest in "the functioning of the state judicial system"). In each state case, Mr. Malanchuk is a *pro se* plaintiff, and the Court has awarded attorney's fees to the defendants. Although he has not provided this Court much information about the underlying claims, those details are irrelevant. What matters is that Mr. Malanchuk has gone to this Court to voice his dissatisfaction rather than pursuing the appellate process set out by the

State of Idaho. Third, the state court is an adequate forum for litigating his federal claims. Mr. Malanchuk appears to believe that the defendants in the state cases violated his constitutional rights by using perjury and fraud to obtain judgments. Setting aside the question of whether this is actually a constitutional matter—which it likely is not—the state court is perfectly capable of adjudicating his concerns.

Mr. Malanchuk will doubtlessly protest that extraordinary circumstances are present here. His Complaint and Motion do make some unusual allegations, but the extraordinariness of his claims is matched only by their incoherence. The Court cannot discern with any degree of particularity even what he claims happened in the state court. It suffices to say that there is no reason for the Court to depart from the default abstention.

Further, these limitations on the power of the federal judiciary require that this case be dismissed in its entirety. When a federal court must abstain under *Younger*, it either stays or dismisses the action. When a plaintiff seeks only equitable relief, the court must dismiss the case because the relief sought will not be possible by the time the state

MEMORANDUM DECISION & ORDER - 4

proceedings conclude. In contrast, a stay is usually appropriate when damages are at issue because the court can postpone a decision until the end of the state proceedings. Courts, however, maintain some discretion to dismiss even when damages are at issue, for instance if a claim for damages is "plainly frivolous." *Gilbertson*, 381 F.3d at 982 n.18.

Here, Mr. Malanchuk seeks damages in addition to injunctive relief, but the request is plainly frivolous. He claims damages for constitutional violations while providing virtually no coherent factual allegations. He also seeks civil damages under RICO but has not alleged facts to establish his standing to bring such a claim, let alone to plausibly argue that a RICO violation occurred. *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) ("[A] civil RICO plaintiff must show: 1) that his alleged harm qualifies as injury to his business or property; and 2) that his harm was by reason of the RICO violation, which requires the plaintiff to establish proximate causation."). Neither request can save this case.

In sum, this is a frivolous action that improperly asks the federal judiciary to interfere with state proceedings. Accordingly, the Court

enters the following order.

# ORDER

1. Plaintiff's Motion for a Temporary Restraining Order (Dkt. 19) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE** and the clerk is directed to close this case.

DATED: July 16, 2025

B. Lynn Winmill
U.S. District Court Judge