UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IGOR MALANCHUK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD D. CAMPBELL et al.,<br><br>　　　　Defendants. | Case No. 1:25-cv-000332-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Before the Court is Plaintiff Igor Malanchuk's Motion for Relief from Judgment (Dkt. 32). He argues that the Court erred in dismissing his case without allowing him to complete service or submit further evidence of what he describes as judicial misconduct in several state court cases. The Court will deny the motion because *Younger* abstention still requires the dismissal of the case.

　　Malanchuk filed this action in June 2025 against more than a dozen defendants, including several law firms and Kootenai County District Court staff members. The complaint alleges a vast conspiracy to deny him access to the court in state civil cases. He sought a temporary restraining order in this Court to halt the state proceedings, along with hundreds of thousands of dollars in damages. Acting promptly at Malanchuk's request, the Court denied the TRO and dismissed the

case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which requires federal courts to abstain from interfering with ongoing state proceedings.

Malanchuk now seeks relief from judgment under Rule 60, which allows a court to relieve a party from final judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). His core argument that is that the Court should have allowed him to finish serving defendants and to submit further evidence in support of his motion for a TRO. He also complains of various misdeeds by defendants, including conflicts of interest and problems with service.

From these many objections, one begins to get a sense of why Malanchuk has not been doing well in his state court cases. Fortunately, it is unnecessary to take the time to rebut each of his allegations because none of them bear on the core reason for dismissing this case.

*Younger* abstention has nothing to do with service or conflicts of interest. The doctrine is about comity, equity, and federalism, and it requires federal courts to abstain from hearing cases that would interfere with the vast majority of ongoing state proceedings. *See, e.g.*, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10-11 (1987). This includes civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns v. Jacobs*, 571 U.S. 69, 72-73 (2013). "Absent extraordinary circumstances, *Younger* abstention is required if

the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). *Younger* abstention may be raised *sua sponte* by courts, and dismissal is mandatory when the above factors are met. *See id.*

In the present case, Malanchuk asked the Court to interfere directly with state proceedings by staying hearings in the Kootenai County District Court and enjoining enforcement of that court's monetary judgments against him. This is exactly what *Younger* doctrine prevents. This Court's previous Memorandum Decision and Order explained in detail why this case is outside the purview of a federal district court. *See* Dkt. 31. All those reasons still stand and necessitate the denial of Malanchuk's Motion for Relief from Judgment.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment (Dkt. 32) is **DENIED**.



DATED: October 22, 2025

B. Lynn Winmill
U.S. District Court Judge